I concur with the holdings in the main opinion that Ulysses Borders's posttrial motion is properly characterized as a Rule 59(e), Ala.R.Civ.P., motion and that the trial judge was not required to recuse himself. I also concur in the holding that the proper standard for determining whether an arresting officer is entitled to discretionary-function immunity under § 6-5-338, Ala. Code 1975, for a misdemeanor arrest is not whether probable cause existed, *Page 1185 
but, rather, whether the officer had "arguable probable cause." Micalizzi v. Ciamarra, 206 F. Supp.2d 564, 576
(S.D.N.Y. 2002) (citing Lee v. Sandberg, 136 F.3d 94, 102 (2d Cir. 1997), and Anderson v. Creighton, 483 U.S. 635, 641 (1987)). I further concur with the main opinion's affirmance of the trial court's summary judgment in favor of Earle as to Borders's malicious-prosecution claim, and I concur in the main opinion's affirmance of the trial court's summary judgment in favor of Earle and its grant of the City's motion to dismiss with respect to Borders's claims made pursuant to42 U.S.C. § 1983. I dissent, however, from the main opinion insofar as it holds that there remained a genuine issue of material fact as to whether there was arguable probable cause in this case. In Micalizzi the court denied a motion for a summary judgment because "no reasonable police officer could have believed that he had probable cause to arrest plaintiff." 206 F. Supp.2d at 576. Given the testimony regarding the events leading to Borders's arrest, a reasonable police officer in Earle's position, charged with maintaining order at a dance club, could have believed that he had probable cause to arrest Borders.
Providing immunity to police officers, not just from ultimate liability but also from the hardships of a trial, allows the officers to perform their public duties to the fullest. "One of the purposes of immunity, absolute and qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." Siegert v. Gilley, 500 U.S. 226, 232
(1991). Therefore, I dissent from the reversal of the trial court's judgment in favor of Earle and its grant of the City's motion to dismiss with respect to Borders's claims alleging excessive use of force, false arrest, false imprisonment, and assault and battery.
BROWN, J., concurs.